### LEWIS v. GREENSTEIN.

(Supreme Court, Appellate Term, First Department. June 3, 1915.)

SALES ☞397—BREACH BY BUYER—ACTION FOR RETURN OF DEPOSIT.

    In an action for the return of a deposit which plaintiff had paid on a contract to buy defendant's cigar and stationery store if the receipts of cash sales were not less than $140 per week, evidence *held* not to show that the receipts included money received by defendant from the raffle of a safety razor and from dice shaking for cigars, so as to entitle to rescind and recover the deposit.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1136; Dec. Dig. ☞397.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isidore Lewis against Isaac Greenstein. From a judgment rendered in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Fiero & Fiero, of New York City (J. M. Fiero, Jr., of New York City, of counsel), for appellant.

Philip S. Glickman, of New York City, for respondent.

HENDRICK, J. Plaintiff and defendant entered into a written agreement reading as follows:

                         "New York, October 21, 1914.

"I, the undersigned, received one hundred dollars deposit from Isidor Lewis, for my cigar, stationery store, situated at No. 510 Columbus avenue, New York City. Purchase price for said business, including stock and fixtures and good will, is twenty-three hundred dollars; balance to be paid one week from date: Providing, however, if the income of the weekly receipts of cash sales inside the store is not less than one hundred and forty dollars per week. I also agree to return said deposit if the landlord will not accept said Isidor Lewis for a tenant on the store No. 510 Columbus avenue, City. The income belongs to the buyer from to-day, 10 p. m. Every merchandise in the store to be paid by the seller. Balance of twenty-two hundred dollars to be paid, providing everything will be satisfactory to the buyer. Commission to be paid to Adolph Rosenfeld."

Signed by Isaac Greenstein and Pauline Greenstein, in Yiddish.

The business thus contracted to be sold was the selling of cigars and stationery. The next day after the execution of the contract the plaintiff went to the store of defendant and remained there for four

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

days. He testified that the day he went there was Thursday, and he then saw that defendant was raffling a safety razor; that in his presence defendant sold several tickets at 10 cents each; on Friday he saw people come in and shake dice for cigars; that on Saturday evening five men played from 10 o'clock to 15 minutes after 12 o'clock. He swears this money went into the "income," and that he then had a conversation with the defendant, in which he asked for the return of his deposit and was refused. The only testimony offered by him as to the amount of income received from the business during the time plaintiff was there is as follows:

"Q. Do you know whether $140 was the income every week? A. I claim about—I find out during the four days, it was not. Q. You were there four days only? A. Only, but I find out enough to not stay any more, even if it would be over one hundred and forty, on account of the gambling.

"By Mr. Glickman: Q. You told him this is the reason you could not buy it? A. Yes, sir; that is the reason."

From this it will be seen that there is not the slightest evidence that the weekly receipts were less than $140, as the contract required; in fact, as the plaintiff remained in the store but four days, he had no means of knowing the weekly receipts. On the other hand, the defendant showed, and it was not disputed, that the receipts for that week were $154 and over, that the entire purchase of cigars when dice were thrown, including the evening plaintiff was present, was but $1.90, and that no portion of this went into the so-called "income," but was kept by defendant in a separate account. We may assume that, if plaintiff had shown that it was essential that weekly aggregate of sales should include money received from gambling in order to make the required sum of $140, the plaintiff would be justified in refusing to complete the contract, as the income from the business must be obtained by an observance of the law; but, as we have seen, no such facts are shown. Upon consummating his purchase, the plaintiff could discontinue the practice of permitting people to shake dice, and would not be compelled to sell tickets on a razor, and still the legitimate weekly receipts might equal the amount stipulated in the contract. As this was the only ground for his refusal to complete the purchase, it is clear that he has failed in showing any legal reason for breaching the contract and asking for the return of his deposit.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.